1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GERALD B. HUMPHREYS,

11          Plaintiff,                    No. CIV S-07-2234 GEB EFB P

12      vs.

13   SACRAMENTO COUNTY
     SHERIFF'S DEPARTMENT, et al.,
14
              Defendants.              ORDER
15   _____/

16       Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See*

17   42 U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  This proceeding was referred to

18   this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19       Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20       Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C.

21   § 1914(a).  Plaintiff must make monthly payments of 20 percent of the preceding month's

22   income credited to his trust account.  28 U.S.C. § 1915(b)(2).  The agency having custody of

23   plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the

24   amount in the account exceeds $10 until the filing fee is paid.

25   ////

26   ////

1

1    The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

2  does not state a cognizable claim against any defendant.  To proceed, plaintiff must file an

3  amended complaint.

4    In the complaint, plaintiff alleges that on April 10, 2007, he fainted during a blood draw

5  at the Sacramento County Jail, and when he regained consciousness his head hurt and he was

6  dizzy.  He alleges that instead of providing him with medical attention, medical staff made rude

7  remarks.  Section 1983 of Title 42 of the United States Code creates a cause of action against

8  persons who deprive any individual of a right secured to him by the Constitution or laws of the

9  United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

10  Municipalities and their officials are "persons" for purposes of section 1983.  *Monell v. New*

11  *York City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  Section 1983 of Title 42 of the

12  United States Code creates a cause of action against persons who deprive any individual of a

13  right secured to him by the Constitution or laws of the United States while acting under color of

14  state law.  *West*, 487 U.S. at 48-49.  Municipalities and their officials are "persons" for purposes

15  of section 1983.  *Monell*, 436 U.S. at 690.   To state a claim that a local government is subject to

16  liability for constitutional torts committed by its officials, plaintiff must allege an individual with

17  final policy making authority acted pursuant to an official policy or custom or failed to act based

18  on a policy of inaction amounting to the knowing disregard of plaintiff's rights and that plaintiff

19  was harmed thereby.  *Monell*, 436 U.S. at 690-91; *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th

20  Cir. 1992).

21    Plaintiff's allegations are inadequate to state a claim that the Sacramento County

22  Sheriff's Department is subject to liability.

23    Any amended complaint must show that the federal court has jurisdiction and that

24  plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

25  allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

26  defendant only persons who personally participated in a substantial way in depriving plaintiff of

1  a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

2  subjects another to the deprivation of a constitutional right if he does an act, participates in

3  another's act or omits to perform an act he is legally required to do that causes the alleged

4  deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

5  participants and allege their agreement to deprive him of a specific federal constitutional right.

6      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

7  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

8  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

9  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

10     The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

11  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

12  heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

13  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

14     Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

15  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

16  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

17  claim."); Fed. R. Civ. P. 8.

18     Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument,

19  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

20  defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

21  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El

22  v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

23  Civil Procedure is fully warranted" in prisoner cases).

24     The court (and defendant) should be able to read and understand plaintiff's pleading

25  within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

26  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

1   injury or joining a series of unrelated claims against many defendants very likely will result in

2   delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

3   pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

4        An amended complaint must be complete in itself without reference to any prior

5   pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

6   files an amended complaint, the original pleading is superseded.

7        A district court must construe pro se pleading "liberally" to determine if it states a claim

8   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

9   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

10  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

11  the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

12  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

13       Plaintiff is admonished that by signing an amended complaint he certifies he has made

14  reasonable inquiry and has evidentiary support for his allegations and that for violation of this

15  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.

16  Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

17  be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code

18  Regs. tit. 15, § 3005.

19       A prisoner may bring no § 1983 action until he has exhausted such administrative

20  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth*

21  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

22  amended complaint he certifies his claims are warranted by existing law, including the law that

23  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

24  his action.

25  ////

26  ////

1    Accordingly, the court hereby ORDERS that:

2        1.  Plaintiff's request to proceed *in forma pauperis* is granted.

3        2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

4    accordance with the notice to the Director of the California Department of Corrections and

5    Rehabilitation filed concurrently herewith.

6        3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an

7    original and one copy of the amended complaint, which must bear the docket number assigned to

8    this case and be titled "First Amended Complaint."  Failure to file an amended complaint will

9    result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files

10   an amended complaint stating a cognizable claim the court will proceed with service of process

11   by the United States Marshal.

12   Dated:  February 12, 2008.

         EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26